IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01912-BNB

LEO A. MARTÍNEZ,

    Plaintiff,

v.

OFFICE OF THE STATE PUBLIC DEFENDER, Golden Regional Office,
KORI KEIL, and
MIRIAM STOHS, INV. Cantiery,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Leo A. Martínez, currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado. He initiated the instant action by submitting *pro se* a Complaint (ECF No. 1).

    The Court reviewed the document and determined it was deficient. Therefore, on July 18, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Martínez to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The July 18 order pointed out that Mr. Martínez failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012, with an authorization allowing the prison facility to calculate and disburse funds from his inmate trust fund account and certificate of prison official,

together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.  The July 18 order also directed him to file an amended Prisoner Complaint on the proper, Court approved form.  The order directed him to obtain, with the assistance of his case manager or the facility's legal assistant, the current Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint.  The July 18 order warned Mr. Martínez that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Mr. Martínez has failed to cure the designated deficiencies within the time allowed or otherwise to communicate with the Court in any way.  Therefore, the action will be dismissed without prejudice for Mr. Martinez's failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Martínez files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of

Plaintiff, Leo A. Martínez, to cure the deficiencies designated in the order to cure of July 18, 2013, within the time allowed, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  28th  day of   August  , 2013.

BY THE COURT:

  s/ Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court